## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICONTROL NETWORKS, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZONOFF, INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO.:

**JURY TRIAL DEMANDED**

### COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Icontrol Networks, Inc. ("Icontrol"), by its attorneys and for its Complaint, hereby alleges and states as follows:

### THE PARTIES

1.      Icontrol is a Delaware corporation having its principal place of business at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065.

2.      On information and belief, Defendant Zonoff, Inc. ("Zonoff") is a Delaware corporation having its principal place of business at 70 E. Swedesford Road, Suite 120, Malvern, Pennsylvania 19355.

### THE NATURE OF THE ACTION

3.      On December 15, 2009, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,633,385 ("the '385 patent"), entitled "Method And System For Communicating With And Controlling An Alarm System From A Remote Server." Icontrol is the owner and assignee of all right, title and interest in and to the '385 patent and holds the right to sue and recover damages for infringement thereof, including past damages. A true and correct copy of the '385 patent is attached hereto as Exhibit 1.

4.      On June 7, 2011, the USPTO issued United States Patent No. 7,956,736 ("the '736 patent"), entitled "Method And System For Communicating With And Controlling An Alarm System From A Remote Server."  Icontrol is the owner and assignee of all right, title and interest in and to the '736 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '736 patent is attached hereto as Exhibit 2.

5.      On September 22, 2015, the USPTO issued United States Patent No. 9,141,276 ("the '276 patent"), entitled "Integrated Interface For Mobile Device."  Icontrol is the owner and assignee of all right, title and interest in and to the '276 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '276 patent is attached hereto as Exhibit 3.

6.      Icontrol is informed and believes, and thereon alleges, that Zonoff infringes one or more claims of the '385, '736, and '276 patents (collectively, "the Asserted Patents") literally or under the doctrine of equivalents, under 35 U.S.C. §271(a)-(c), as alleged below.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, codified at Title 35, United States Code §101, et seq.  Accordingly, subject matter jurisdiction of this Court exists under at least 28 U.S.C. §§1331 and 1338(a).

8.      On information and belief, this Court has personal jurisdiction over Zonoff because Zonoff is a Delaware corporation and therefore resides in this district.

9.      On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400 because Zonoff is a Delaware corporation and therefore resides in this district.

## THE ACCUSED PRODUCTS

10.     Zonoff has infringed and currently infringes the Asserted Patents by making, using, selling, offering to sell, or importing products that practice the subject matter of the Asserted Patents (the "Accused Products").

11.     These products include software that Zonoff makes, uses, sells, offers to sell, or imports.  On information and belief, this software takes the form of either finished software applications (under, for example, Zonoff's "Zonoff Software" or "Zonoff app" brands), or a software development kit (under, for example, Zonoff's "Open Device Software Development Kit") that Zonoff makes, uses, sells, offers to sell, or imports.  Additionally, on information and belief, Zonoff partners with third parties to make, use, sell, offer to sell, or import hardware products that incorporate Zonoff's software offerings.

12.     For example, on December 3, 2014, Zonoff announced that it had completed a new round of "strategic and venture investment."  Zonoff indicated that this investment included "new commercial agreements, which will be announced in 2015, to expand the product footprint into additional channels."

13.     Further, on May 15, 2015, the online consumer electronics website CEPro published an article memorializing an interview with the home security company ADT.  In this article, CEPro reported that its industry sources indicated that ADT, currently an Icontrol customer, had hired Zonoff as ADT's "new [Smart Home as a Service] provider."  CEPro also reported that the "new commercial agreements" Zonoff mentioned in its December 2014 press release refers to this new agreement with ADT.  The CEPro article also reported that Arthur Orduna, ADT's chief innovation officer, had stated that ADT's API set "covers the new product."  On information and belief, Zonoff has made, used, offered for sale, and/or sold its

accused software for incorporation into ADT's products.  Those products infringe the Asserted

Patents, as alleged below.

### ZONOFF'S KNOWLEDGE OF THE ASSERTED PATENTS

14.     For the reasons discussed herein, on information and belief, Zonoff either had

actual knowledge of the Asserted Patents and/or their respective applications prior to this action

or willfully blinded itself to the existence of those patents.  In any event, Zonoff had actual

knowledge of the Asserted Patents no later than the filing of the original Complaint in this

action.

15.     Icontrol is informed and believes that Zonoff first obtained knowledge of the

Asserted Patents prior to this action through the instances of direct competition between Icontrol

and Zonoff as well as the numerous interactions between the two companies.  For example,

Zonoff has previously characterized Icontrol as a competitor in the "battle to become Home OS"

(http://www.zonoff.com/somfy-tahoma.html), and in fact Zonoff warns: "look out Icontrol..."

Zonoff and Icontrol are both members of the Z-Wave Alliance.  Zonoff has attended the same or

similar public functions, including at least one instance on or around March 22, 2014, where

Zonoff's Mike Harris and Icontrol founder Reza Raji appeared together on an internet podcast

called "NextMarket" to discuss home automation technology—an aspect of the Asserted Patents.

16.     Moreover, as discussed in the section of this Complaint entitled "The Accused

Products," Icontrol and Zonoff have directly competed for one more customer accounts.  On

information and belief, during the process of this direct competition, Zonoff learned of the

Asserted Patents.

17.     Moreover, on September 16, 2014, Icontrol filed a patent infringement action

against Zonoff in this District.  *See generally Icontrol Networks, Inc. v. Zonoff, Inc.*, Case No.

1:14-cv-01199-GMS (D. Del.) ("the '1199 Litigation").  In the '1199 Litigation, Icontrol alleges

that Zonoff's home automation software infringes six different Icontrol patents.  The accused

products in the '1199 Litigation include, without limitation, Zonoff's "Zonoff Home," "Zonoff

Cloud," "Zonoff App," "Zonoff Distributed Radio Architecture," "Zonoff Open Device Software

Development Kit," and further includes software Zonoff has developed for companies such as

Staples and ADT.

18.     On information and belief, during the course of the '1199 Litigation, Zonoff

learned of the Asserted Patents either by visiting Icontrol's website (where Icontrol lists its

issued patents and pending patent applications) or by undertaking research into Icontrol's patent

portfolio, whereby it learned of each Asserted Patent and/or its respective application.

19.     On information and belief, as part of its investigation about Icontrol, Zonoff

independently learned about the Asserted Patents because the direct competition between

Icontrol and Zonoff led Zonoff to visit Icontrol's website, where at least the '385 and '736

patents are, and have been, prominently displayed.

20.     On information and belief, Zonoff further independently learned about the '276

patent because Zonoff monitors Icontrol's press releases regarding its patent portfolio.  As part

of these activities, Zonoff learned of Icontrol's public announcement, made September 22, 2015,

that the USPTO had issued judgment in a pending interference proceeding and awarded the

claims of the '276 patent to Icontrol.

21.     On information and belief, as part of its investigation about Icontrol, Zonoff

further independently learned about the Asserted Patents on account of a patent infringement

lawsuit brought by Icontrol on July 10, 2013, against Alarm.com Inc. and Frontpoint Security

Solutions LLC, which involved patents related to at least some of the Asserted Patents.

22.     On or around February 13, 2015, in the '1199 Litigation, Icontrol produced to Zonoff documents related to the Alarm.com litigation.  This document production contained the '385 and '736 patents, as well as patents and prosecution files related to the '276 patent. Additionally, Icontrol's document production included Icontrol's and Alarm.com's contentions regarding these patents and claims.  Zonoff thereby learned about the Asserted Patents  and their respective claims.  In this way, Zonoff also learned how products in the industry were alleged to infringe these patents and claims.

23.     On information and belief, Zonoff was aware of a publication by Imperial Capital entitled "Security Industry Monitor," dated March 2014.  That publication states that "Alarm.com and iControl Networks have been and remain from our past publications <u>the best known companies</u> providing interactive wireless software platforms to the security and cable-telecom industries."  (emphasis added).

24.     Zonoff willfully blinded itself to the Asserted Patents to the extent that it lacked affirmative knowledge of the Asserted Patents prior to this publication and/or failed to investigate Icontrol, one of the "best known" companies in the applicable industry.

25.     Zonoff has known about the Asserted Patents and/or their respective claims before the filing of this lawsuit.  Despite having full knowledge of these claims, Zonoff continues its infringing conduct to this day.

### FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '385 PATENT

26.     Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

27.     Icontrol is the assignee and sole owner of all right, title, and interest in the '385 patent.

28.    Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe at least claim 1 of the '385 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '385 patent.

29.    Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that Zonoff has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '385 patent.  These actions include, but are not limited to: drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Zonoff's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Zonoff's customers and prospective customers.  On information and belief, Zonoff has taken these actions with full knowledge of the '385 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '385 patent.  On information and belief, these third-parties in fact have directly infringed the '385 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

30.    Regarding infringement under 35 U.S.C. §271(c), Icontrol is informed and believes that Zonoff contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to

practice the claimed inventions of the '385 patent.  One way Zonoff contributes to infringement, for example, is by selling its accused software to a third party who incorporates that software as a component in a product that the third party in turn makes, uses, sells, offers to sell, or imports. Thus, the Accused Products and their related components constitute material parts of the '385 patent.  Moreover, the third parties' actions constitute direct infringement of the'385 patent.

31.     Upon information and belief, Zonoff knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '385 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '385 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed systems and methods.

32.     Icontrol is further informed and believes, and thereon alleges, that Zonoff's infringement of the '385 patent is willful.

33.     Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '385 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

34.     Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '385 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

**SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '736 PATENT**

35.     Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

36.     Icontrol is the assignee and sole owner of all right, title, and interest in the '736 patent.

37.     Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe at least claim 1 of the '736 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '736 patent.

38.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that Zonoff has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '736 patent.  These actions include, but are not limited to: drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Zonoff's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Zonoff's customers and prospective customers.  On information and belief, Zonoff has taken these actions with full knowledge of the '736 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '736 patent.  On information and belief, these third-parties in fact have directly infringed the '736 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

39.     Regarding infringement under 35 U.S.C. §271(c), Icontrol is informed and

believes that Zonoff contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '736 patent.  One way Zonoff contributes to infringement, for example, is by selling its accused software to a third party who incorporates that software as a component in a product that the third party in turn makes, uses, sells, offers to sell, or imports. Thus, the Accused Products and their related components constitute material parts of the '736 patent.  Moreover, the third parties' actions constitute direct infringement of the '736 patent.

40.     Upon information and belief, Zonoff knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '736 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '736 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed systems and methods.

41.     Icontrol is further informed and believes, and thereon alleges, that Zonoff's infringement of the '736 patent is willful.

42.     Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '736 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

43.     Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '736 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

**THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '276 PATENT**

44.     Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

45.     Icontrol is the assignee and sole owner of all right, title, and interest in the '276 patent.

46.     Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe at least claim 1 of the '276 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '276 patent.

47.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that Zonoff has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '276 patent.  These actions include, but are not limited to: drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Zonoff's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Zonoff's customers and prospective customers.  On information and belief, Zonoff has taken these actions with full knowledge of the '276 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '276 patent.  On information and belief, these third-parties in fact

have directly infringed the '276 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

48.     Regarding infringement under 35 U.S.C. §271(c), Icontrol is informed and believes that Zonoff contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '276 patent.  One way Zonoff contributes to infringement, for example, is by selling its accused software to a third party who incorporates that software as a component in a product that the third party in turn makes, uses, sells, offers to sell, or imports. Thus, the Accused Products and their related components constitute material parts of the '276 patent.  Moreover, the third parties' actions constitute direct infringement of the '276 patent.

49.     Upon information and belief, Zonoff knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '276 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '276 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed systems and methods.

50.     Icontrol is further informed and believes, and thereon alleges, that Zonoff's infringement of the '276 patent is willful.

51.     Icontrol is informed and believes, and thereon alleges, that unless enjoined by this

Court, Zonoff will continue to infringe the '276 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

52.     Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '276 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Icontrol prays that this Court:

a.      Declare that Zonoff has infringed one or more claims of the Asserted Patents;

b.      Declare that Zonoff's infringement was willful;

c.      Permanently enjoin Zonoff and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns, parent or subsidiary corporations, and affiliates, and all persons acting in active concert or participation with it, from infringing, inducing others to infringe, or contributing to the infringement of the Asserted Patents;

d.      Award Icontrol damages in an amount adequate to compensate Icontrol for Zonoff's acts of infringement, including without limitation on the basis of a reasonable royalty and for lost profits, together with interest thereon, in an amount to be proven at trial, in accordance with 35 U.S.C. §§154(d) and 284;

e.      Find that this case is exceptional and award Icontrol its respective costs and expenses for Zonoff's infringement, including reasonable attorneys fees, in accordance with the provisions of 35 U.S.C. §285 or other statutes;

       f.      Award Icontrol pre-judgment and post-judgment interest at the highest

rates allowed by law; and

       g.      Award Icontrol any other relief, in law and in equity, to which the Court

finds Icontrol is justly entitled.

**DEMAND FOR JURY TRIAL**

       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Icontrol demands a trial

by jury of this action.

Dated:  November 30, 2015

                           */s/ Mary B. Matterer*
                           Richard K. Herrmann (I.D. No. 405)
                           Mary B. Matterer (I.D. No. 2696)
                           MORRIS JAMES LLP
                           500 Delaware Avenue, Suite 1500
                           Wilmington, DE  19801
                           (302) 888-6800
                           rherrmann@morrisjames.com
                           mmatterer@morrisjames.com

                           *Attorneys for Plaintiff Icontrol Networks, Inc.*

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
Mary Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300