**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ICONTROL NETWORKS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 1:15-cv-01109-GMS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ZONOFF, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## ICONTROL'S OPPOSITION TO ZONOFF'S
## MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Plaintiff Icontrol Networks, Inc.*

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
Mary A. Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300

Dated: February 16, 2016

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ......................................... 2

     A.    Procedural History of this Action. ............................................................ 2

     B.    Zonoff Refuses to Negotiate a Case Schedule. ......................................... 2

III.   SUMMARY OF THE ARGUMENTS ............................................................ 3

IV.   STATEMENT OF RELEVANT FACTS ....................................................... 4

     A.    Zonoff's Knowledge of the Asserted Patents .......................................... 4

     B.    The Complaint Pleads Substantial Facts For Willful Infringement. ..................... 5

V.    LEGAL STANDARDS .................................................................................. 6

VI.   ARGUMENT .................................................................................................. 7

     A.    The Complaint Sufficiently Pleads Willful Infringement. ...................... 7

     B.    Zonoff's Request To Strike Icontrol's Damages Claim Is Improper. ................... 12

     C.    Zonoff's Motion For A More Definite Statement Should Be Denied. ................. 14

VII.  SHOULD THE COURT BE INCLINED TO GRANT DEFENDANT'S MOTION, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND ........ 18

VIII.  CONCLUSION ............................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bear Creek Techs., Inc. v. Vonage Holdings Corporation, et al.*,
    Case No. 11-cv-723-GMS (D.I. 22) (D. Del. Sep. 27, 2012) ...........................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................7, 8

*Brinkmeier v. Graco Children's Prods.*,
    767 F. Supp. 2d 488 (D. Del. 2011) ....................................................................................8

*CFMT, Inc. v. Yieldup Int'l Corp.*,
    No. 95-549-LON, 1996 U.S. Dist. LEXIS 22795 (D. Del. Apr. 5, 1996) .........................14

*Clouding IP LLC v. Amazon.com Inc., et. al.*,
    Case No. 1-12-cv-00641-LPS (D.I. 11 (complaint) & 56 (order))
    (D. Del. May 24, 2013) ......................................................................................................16

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
    559 F.3d 1308 (Fed. Cir. 2009) ...................................................................................12, 13

*Dole v. Arco Chem Co.*,
    921 F.2d 484 (3d Cir. 1990) ..............................................................................................18

*Dunlap v. Schoefeld*,
    152 U.S. 244 (1894) ..........................................................................................................13

*Erickson v. Pardus*,
    127 S. Ct. 2197 (2007) ........................................................................................................7

*Foman v. Davis*,
    371 U.S. 178 (1962) ..........................................................................................................18

*In Re Bill of Lading Transm'n and Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................................6

*In re Katz Interactive Call Processing Patent Litig.*,
    821 F. Supp. 2d 1135 (C.D. Cal. 2011) .............................................................................13

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) .........................................................................................12

*IpLearn LLC v. Beeline Acquisition Corp., et. al.*,
   Case No. 1-11-cv-00825-RGA (D.I. 15 (complaint) & 172 (order))
   (D. Del. Jul. 2, 2012) ..........................................................................................16

*Jackson v. Intel Corp*,
   No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009) ....................................13, 14

*Laitram Corp. v. Hewlett-Packard Co., Inc.*,
   806 F. Supp. 1294 (E.D. La. 1992) ................................................................13

*Mark IV Indus. Corp. v. Transcore, L.P.*,
   Civ. No. 09-418-GMS, 2009 U.S. Dist. LEXIS 112069
   (D. Del. Dec. 2, 2009) ..............................................................................16

*Maxwell v. Baker*,
   86 F.3d 1098 (Fed. Cir. 1996) ......................................................................13

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ....................................................................16

*Netgear Inc. v. Ruckus Wireless Inc.*,
   Civ. No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686
   (D. Del. Mar. 14, 2013) ..............................................................................7

*Oracle Am., Inc. v. Google Inc.*,
   No. C 10-03561 WHA, 2011 WL 5576228 (N.D. Cal. Nov. 15, 2011) ..........................13

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ....................................................................13

*Schaedler v. Reading Eagle Pub'n, Inc.*,
   370 F.2d 795 (3d Cir. 1967) ........................................................................14

*Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.*,
   No. 5:11-CV-00774-PSG, 2014 WL 1008183 (N.D. Cal. Mar. 7, 2014) ........................13

*Sentry Protection Prods. Inc. v. Eagle Mfg. Co.*,
   400 F.3d 910 (Fed. Cir. 2005) ..............................................................7, 11, 13

*SoftView LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) ......................11

*Texas Digital Systems, Inc. v. Telegenix, Inc.*,
   308 F.3d 1193 (Fed. Cir. 2002) ....................................................................13

*Unova Inc. v. Hewlett-Packard,*
    No. CV 02-3772 ER, 2006 WL 5434534 (C.D. Cal. Feb. 16, 2006)................................13

*Walker Digital LLC v. Facebook, Inc.,*
    852 F. Supp. 2d 559 (D. Del. 2012).................................................................7

*Wilkerson v. New Media Tech. Carter Sch., Inc.,*
    522 F.3d 315 (3d Cir. 2008)........................................................................7

*Xpoint Techs., Inc. v. Microsoft Corp.,*
    730 F. Supp. 2d 349 (D. Del. 2010)...........................................................14, 16

## STATUTES

35 U.S.C. § 287.....................................................................................12, 13

## RULES

Federal Rule of Civil Procedure 8 ..................................................................8

Federal Rule of Civil Procedure 9(b)................................................................8

Fed. R. Civ. P. 11 ...............................................................................8, 10

Federal Rule of Civil Procedure 12(b)(6) ........................................................6, 13

Federal Rule of Civil Procedure 12(e).............................................................14

Rule 16............................................................................................17

## MISCELLANEOUS

*Icontrol Networks, Inc. v. Zonoff, Inc.*, Case No. 1:14-cv-01199........................................ passim

## I.    INTRODUCTION

Plaintiff Icontrol Networks, Inc. ("Icontrol"), by and through its attorneys, respectfully submits this Opposition to Defendant Zonoff, Inc.'s ("Zonoff") Motion to Dismiss Plaintiff's Complaint ("Compliant") and for a More Definite Statement ("Motion").[1]  Zonoff's Motion incorrectly applies the law regarding pleading pre-suit damages and willful infringement. Notably, the Court recently addressed and rejected similar arguments from Zonoff in a co-pending case.  On July 31, 2015, in *Icontrol Networks, Inc. v. Zonoff, Inc.*, Case No. 1:14-cv-01199 ("the 1199 Action"), the Court denied Zonoff's request to dismiss Icontrol's claims for pre-suit damages as premature.  The instant Motion should be denied for similar reasons.

Zonoff's Motion underscores the competition between it and Icontrol.  The companies compete for customers on a head-to-head basis.  The competition is so fierce, Zonoff described its competition with Icontrol as the "battle to become Home OS."   Given this intense competition, it is not surprising that Icontrol became aware, and accordingly pled, that Zonoff monitors Icontrol's press releases including those relating to patents that Icontrol asserts in this litigation.

Icontrol's Complaint includes sufficient facts to support a claim for willful infringement. Specifically, Icontrol pled facts from which the Court may plausibly infer that Zonoff had pre-suit knowledge of the Asserted Patents.  In its complaint, Icontrol alleges that Zonoff (1) directly monitored Icontrol's patent portfolio, including by monitoring Icontrol's press releases regarding its patents; (2) received information directly from Icontrol regarding each Asserted Patent; and (3) specifically visited Icontrol's website where its patents are prominently displayed.  Taken

---

[1] All references to Zonoff's Motion refer to the Memorandum of Points and Authorities filed at D.I. 9.

together, Icontrol's allegations reasonably support the inference that Zonoff had knowledge of the Asserted Patents prior to this litigation.

Zonoff's motion for a more definite statement should also be denied because it is an inappropriate vehicle to obtain Icontrol's identification of asserted claims. By virtue of its Default Standard for Discovery Including Electronically Stored Information ("ESI") ("Default Standard"), the District of Delaware has established procedures for identifying and narrowing asserted claims early in litigation through a combination of technical document production by a defendant and service of infringement contentions by a plaintiff. There is no justification for deviating from this Court's procedures for the identification of asserted claims. The motion for more definite statement should be denied.

## II. NATURE AND STAGE OF THE PROCEEDINGS

### A. Procedural History of this Action.

Icontrol brought this Action on November 30, 2015, against its competitor, Zonoff, after analyzing Zonoff's competing products and reviewing Zonoff's public statements. Icontrol's Complaint alleges that Zonoff directly and indirectly infringes three Icontrol patents: United States Patent Nos. 7,633,385 ("the '385 patent"), 7,956,736 ("the '736 patent"), and 9,141,276 ("the '276 patent") (collectively, the "Asserted Patents"). D.I. 1 (Complaint). Zonoff responded by moving to dismiss Icontrol's claims, Icontrol's pre-suit damages theories, or for a more definite statement. D.I. 11. Zonoff's Motion is nearly identical to one it filed in the 1199 Action. *See* D.I. 18. Zonoff's motion filed in the 1199 Action was denied. *See* D.I. 58.

### B. Zonoff Refuses to Negotiate a Case Schedule.

On February 9, 2016, Icontrol asked whether Zonoff cared to discuss a case schedule, including deadlines for the identification of asserted claims and the exchange of contentions. Exh. 1. In response, Zonoff stated that such a discussion would not be practicable until after the

pleadings are closed.  *Id.*  Zonoff did not cite any authority in support of this position, and declined to acknowledge the Default Standard, which sets forth specific time frames for the identification of asserted patent claims.  *Id.*

## III.   SUMMARY OF THE ARGUMENTS

The Complaint meets and exceeds the applicable pleading standards.  Moreover, the Motion misstates and misapplies the appropriate legal standards:

1.     The Complaint alleges facts sufficient to plausibly show (a) Zonoff's knowledge of each Asserted Patent and (b) its continued infringement of each Asserted Patent despite an objectively high likelihood that its actions constituted infringement.

2.     Zonoff's request to strike Icontrol's pre-suit damages claim is improper and has already been rejected by this Court in an earlier-filed litigation.  By statute, upon a finding of infringement, Icontrol is entitled to damages "in no event less than a reasonable royalty."  Zonoff's argument that the Complaint does not plead compliance with the marking statute fails because no such affirmative duty exists.

3.     Zonoff's request for a more definite statement should be denied.  Icontrol's Complaint clearly sets forth claims for direct, induced, contributory, and willful infringement to which Zonoff can frame a responsive pleading.  Moreover, Icontrol is not required to plead the infringement of any particular claim of any Asserted Patent at this stage.  Indeed, this Court has established clear procedures in which Icontrol must identify the claims it believes are infringed after receiving Zonoff's core technical documents, and Zonoff's request circumvents those procedures by seeking to require Icontrol to specify which claims it contends are infringed in its complaint, before receiving Zonoff's core technical documents.

For these reasons, discussed more fully below, Icontrol requests that the Court deny Zonoff's Motion.

## IV. STATEMENT OF RELEVANT FACTS

### A. Zonoff's Knowledge of the Asserted Patents

The Complaint establishes that Zonoff "either had actual knowledge of the Asserted Patents and/or their respective applications prior to this action or willfully blinded itself to the existence of those patents." Compl. ¶ 14. Icontrol alleges that Zonoff obtained knowledge of the Asserted Patents, or willfully blinded itself to their existence, in several ways:

- Zonoff competes with Icontrol, leading it to research Icontrol's patent portfolio. Compl. ¶¶ 14-16 and 19. Competition between the two companies is fierce; on at least one occasion, they have directly vied for the same large customer account. *Id.* at ¶ 16. For example, on May 15, 2015, the online consumer electronics website CEPro published an article memorializing an interview with the home security company ADT. In this article, CEPro reported that its industry sources indicated that ADT, currently an Icontrol customer, had hired Zonoff as ADT's "new [Smart Home as a Service] provider." *Id.* at ¶ 13.

- Zonoff attended the same or similar public functions, including at least one instance where Zonoff's Mike Harris and Icontrol founder Reza Raji appeared together on an internet podcast called "NextMarket" to discuss home automation technology—an aspect of the Asserted Patents. Compl. ¶ 15.

- Zonoff visited the Icontrol website that displays the Asserted Patents. *Id.* at ¶¶ 18-19.

- Zonoff monitored Icontrol's patent litigation filings. *Id.* at ¶¶ 20-21.

- Zonoff monitored Icontrol's press releases, including Icontrol's public announcement that the USPTO had issued judgment in a pending interference proceeding and awarded the claims of one of the Asserted Patents to Icontrol. *Id.* at ¶ 20.

- On account of earlier-filed litigation between the parties, Zonoff investigated Icontrol, Icontrol's litigation history, and Icontrol's patent portfolio. Conpl. at ¶¶ 17-23.

- In the earlier-filed litigation, Icontrol produced documents related to the Asserted Patents, including publicly-available patent prosecution files. *Id.* at ¶ 22.

- Zonoff read certain industry publications referencing Icontrol as one the "best known companies providing interactive wireless software platforms to the security and cable-telecom industries." *Id.* at ¶¶ 23.

**B.     The Complaint Pleads Substantial Facts For Willful Infringement.**

In its Complaint, Icontrol brings claims for direct, induced, contributory, and willful infringement. Icontrol alleges that Zonoff has infringed and currently infringes the Asserted Patents by making, using, selling, offering to sell, selling, or importing products that practice the subject matter of the Asserted Patents (the "Accused Products"), software that takes the form of either finished software applications (under, for example, Zonoff's "Zonoff Software" or "Zonoff app" brands), or a software development kit (under, for example, Zonoff's "Open Device Software Development Kit") that Zonoff makes, uses, sells, offers to sell, or imports. Compl. ¶¶ 11-12.

The Complaint also pleads facts related to Zonoff's inducement of third party direct infringers (including retailers such as Staples, service providers, consumer electronics OEMs, and system integrators) by, among other things, advertising the infringing products and their infringing use; establishing distribution channels for these infringing products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Zonoff's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Zonoff's customers and prospective

customers.  *Id.* at ¶¶ 29, 38, 47.  The Complaint also pleads that Zonoff took these actions in full knowledge of each Asserted Patent and did so with the specific intent to induce one or more third parties to infringe each Asserted Patent.  *Id.*

The Complaint further pleads facts related to Zonoff's contributory infringement of third party direct infringers.  The Complaint alleges that Zonoff sells components that are material to each Asserted Patent to third parties who directly infringe each Asserted Patent by making, using, or selling products incorporating these components. Compl. ¶¶ 29, 38, 47.  The Complaint alleges that these components are especially made or adapted for use in infringing each Asserted Patent because they are not staple articles of commerce suitable for substantial non-infringing use and have no use apart from making or using the claimed inventions. *Id.* at ¶¶ 31, 40, 49.  The Complaint further pleads that Zonoff is aware of the infringing uses to which these components are put.  *Id.* at ¶¶ 32, 41, 50.

Finally, the Complaint alleges that Zonoff, with knowledge of the Asserted Patents and the risk of infringement, acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patents.  *Id.* at ¶¶ 24-25, 28-32, 37-41, and 46-50.  For each Asserted Patent, the Complaint includes language indicating at least one claim that Icontrol believes is directly infringed.  Compl. ¶¶ 28, 37, 46.

For the reasons discussed below, Icontrol has adequately pled claims for willful infringement and pre-suit damages.

## V.    LEGAL STANDARDS

In reviewing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *In Re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  A

patentee need not "prove its case at the pleading stage," but must plead only "'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face." *Id.* at 1339, 1331 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The issue is not whether a plaintiff will ultimately prevail," *Wilkerson v. New Media Tech. Carter Sch., Inc.*, 522 F.3d 315, 318 (3d Cir. 2008), but whether the complaint gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

As discussed below, the Complaint exceeds these standards.

## VI. ARGUMENT

Zonoff's Motion seeks to dismiss Icontrol's willful infringement claim and Icontrol's claim for pre-suit damages. Zonoff's motion also seeks a more definite statement of Icontrol's claims requiring Icontrol to identify which of the Asserted Patents' claims Icontrol contends Zonoff infringes. Each issue is addressed in turn and, for the reasons articulated below, the Motion should be denied.

### A. The Complaint Sufficiently Pleads Willful Infringement.

Zonoff's motion to dismiss the Complaint as to Icontrol's willful infringement claims must fail.

In order to state a claim for willful infringement, a party must allege that the accused infringer (1) knew of the asserted patents and the risk of infringement; and (2) continued to infringe those patents. *Sentry Protection Prods. Inc. v. Eagle Mfg. Co.,* 400 F.3d 910, 918 (Fed. Cir. 2005); *Netgear Inc. v. Ruckus Wireless Inc.,* Civ. No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686, at *3-4 (D. Del. Mar. 14, 2013). *Walker Digital LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 567-68 (D. Del. 2012) (denying motion to dismiss where the complaint alleged knowledge of the patent and continuing infringement).

Here, Zonoff is incorrect that the Complaint lacks sufficient allegations as to Zonoff's knowledge of the Asserted Patents. On the contrary, the Complaint demonstrates that Zonoff knew of the Asserted Patents[2] and the risk of infringement, but continued its infringing activities:

First, the Complaint alleges that that "Zonoff first obtained knowledge of the Asserted Patents prior to this action through the instances of direct competition between Icontrol and Zonoff as well as the numerous interactions between the two companies." Compl. at ¶ 15. The Complaint enumerates several examples, including Zonoff's public characterizations of Icontrol as a competitor in the "battle to become Home OS." *Id.* Icontrol also alleges that Zonoff and Icontrol are both members of the Z-Wave Alliance, and that Zonoff has attended the same or similar public functions as Icontrol, including at least one instance when Zonoff's Mike Harris and Icontrol founder Reza Raji appeared together on an internet podcast called "NextMarket" to discuss home automation technology—an aspect of the Asserted Patents. *Id.* Finally, the Complaint alleges that Icontrol and Zonoff have directly competed for one more customer accounts, and based on that process, Zonoff learned of the Asserted Patents. *Id.* at ¶¶ 12-13, 16.

Furthermore, Icontrol alleges that as part of this direct competition, Zonoff independently learned of the Asserted Patents by visiting Icontrol's website, "where at least the '385 and '736 patents are, and have been, prominently displayed," as shown below. Compl. ¶¶ 18-19.

---

[2] As Zonoff's Motion correctly states, pleading "on information and belief" is permissible after *Iqbal/Twombly*. Motion at 7-8; *see also* Fed. R. Civ. P. 11. Thus, Icontrol's allegations of certain facts "on information and belief" satisfy the pleading requirements under Federal Rule of Civil Procedure 8. The case Zonoff cites is inapposite—in it, the court not only approves of the use of pleading "on information and belief," but analyzes its use in pleading fraud under the heightened pleading standard set forth Federal Rule of Civil Procedure 9(b). *See* Motion at 8, citing *Brinkmeier v. Graco Children's Prods.*, 767 F. Supp. 2d 488, 496 (D. Del. 2011).



WHAT WE DO     GET ICONTROL     DEVELOPERS     BLOG     NEWS/PRESS

COMPANY INFO

TS

### US UTILITY PATENTS

6,624,750 – Wireless home fire and security alarm system.

7,262,690 – Method and system for monitoring events.

7,633,385 – Method and system for communicating with and controlling an alarm system from a remote server.

7,711,796 – Gateway registry methods and systems.

7,855,635 – Method and system for coupling an alarm system to an external network.

7,911,341 – Method for defining and implementing alarm/notification by exception.

7,956,736 – Method and system for communicating with and controlling an alarm system from a remote server.

*See* **www.icontrol.com/patents/**

Icontrol also alleges that Zonoff independently learned of the third patent-in-suit, the '276 patent, because, as part of its competitive analysis, "Zonoff monitors Icontrol's press releases regarding its patent portfolio." Compl. ¶ 20. As part of its monitoring activities, "Zonoff learned of Icontrol's public announcement, made September 22, 2015, that the USPTO had issued judgment in a pending interference proceeding and awarded the claims of the '276 patent to Icontrol." *Id.* at ¶ 20.

Second, the Complaint alleges that Zonoff learned of the Asserted Patents during the course of the 1199 Action. *Id.* at ¶¶ 17-18. Not only does Icontrol allege that, as part of its Rule 11 investigative activities, Zonoff visited Icontrol's website (where Icontrol lists its issued patents and pending patent applications) and undertook research into Icontrol's portfolio, but that Zonoff learned of the Asserted Patents by reviewing documents produced in the 1199 Action. Compl. ¶¶ 18, 22. The Complaint alleges that the '385 and '736 patents were produced as early as February 2015 in the 1199 Action. *Id.* at ¶ 22. Prosecution files related to the '276 patent were also produced.[3] *Id.*

Third, and finally, Icontrol alleges that Zonoff independently learned about the Asserted Patents on account of a patent infringement lawsuit brought by Icontrol on July 10, 2013, against other competitors in the space, Alarm.com Inc. and Frontpoint Security Solutions LLC. *Id.* at ¶ 21. This litigation involved patents related to at least some of the Asserted Patents. *Id.* For example, U.S. Patent No. 8,350,694, at issue in the Alarm.com, Inc. litigation, was also subject to the interference proceeding involving the '276 patent. In the 1199 Action, Icontrol produced all of the documents it had previously produced to Alarm.com Inc. and Frontpoint Security Solutions LLC. Compl. ¶ 22. Moreover, Zonoff was aware, at least as of 2014, of a publication naming Alarm.com and Icontrol Networks as two of the "best known companies" in the space. *Id.* at ¶ 23.

Zonoff argues that the Court should look at these allegations in isolation and that each is insufficient alone to establish Zonoff's knowledge of the Asserted Patents. *See* Motion at 7-14.

---

[3] Given that, in the context of a motion to dismiss, the allegations in the complaint are accepted as true, whether the documents were in fact produced is not at issue. *See* Motion at 10-11. Moreover, patents and patent prosecution files are publicly available, and therefore would not be subject to a protective order.

This argument necessarily fails; Icontrol's allegations must be considered in context. *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *17 (D. Del. July 26, 2012) (denying a motion to dismiss, where, taken in combination, the court concluded that the plaintiff alleged a plausible basis from which one might reasonably infer that the defendant had knowledge of the patent-in-suit prior to the litigation). The combination of all of Icontrol's allegations—that Zonoff competed with Icontrol for customer accounts, that Zonoff read industry reports and Icontrol's press releases about its patents, that Zonoff visited Icontrol's website where its patents are prominently displayed, that Zonoff had access to documents, including public patents and patent prosecution files, related to the Asserted Patents through litigation with Icontrol, that Zonoff attended the same and similar public functions, that Zonoff participated in the same or similar industry groups (like the Z-Wave Alliance), that Zonoff was aware of litigation involving patents related to the Asserted Patents—is sufficient to establish a plausible basis from which one could infer that Zonoff had knowledge of Asserted Patents prior to the litigation.

Moreover, Zonoff misconstrues the standard, arguing in its Motion that these facts are not sufficient to show "actual knowledge." Motion at 7-8. This is the standard for pleading induced infringement, not willful infringement. Rather, to state a claim for willful infringement, a patent holder must plead that the infringer had "knowledge of the patent and his infringement." *Sentry Protection Prods.*, 400 F.3d at 918 (finding the single allegation that the defendant's "infringements have been willful and with full knowledge of the" asserted patents sufficient to necessarily infer knowledge and state a claim). To the extent Zonoff challenges Icontrol's claims of induced infringement, this Court has already resolved this issue in Icontrol's favor in

its July 31, 2015 Order Denying Zonoff's Motion to Dismiss in the 14-1199 case. *See* Order, (D.I. 58) at 1 n.1.

Finally, Icontrol alleges, that armed with knowledge of the Asserted Patents, Zonoff acted despite an objectively high likelihood that its actions constituted infringement of Icontrol's patents. Compl. ¶ 25. This allegation is sufficient to survive a motion to dismiss. The record in this proceeding will establish that the risk was either known to Zonoff or so obvious that it should have been known. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

Accordingly, Zonoff's motion should be denied as to willful infringement.

### B.  Zonoff's Request To Strike Icontrol's Damages Claim Is Improper.

Zonoff argues, in direct contradiction to the statutory requirement that a patentee be awarded damages upon a finding of infringement, that Icontrol's entire claim for damages be dismissed. This Court already rejected this argument in the 1199 Action:

> Finally, Zonoff argues that Icontrol's claim for damages should be dismissed because the Amended Complaint does not allege that Icontrol's products complied with the "marking" statute, 35 U.S.C. § 287. The court rejects Zonoff's position. At the very least, Zonoff had actual notice of infringement as of September 16, 2014, the date of filing of the original complaint. Thus, as Zonoff appears to acknowledge in its reply brief, only pre-suit damages (and not all damages) are perhaps barred. Moreover, Icontrol points out that the notice requirements imposed by § 287 do not apply to all patented inventions. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009) ("The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method."). The court therefore sees no reason to dismiss claims for pre-suit damages at this stage when the extent of Icontrol's overall damages will be assessed in any event at a later time.

Order, (D.I. 58) at 1 n.1.

Similarly here, Zonoff offers no authority or justification for dismissing Icontrol's claim for pre-suit damages. Zonoff's argument that Icontrol must affirmatively plead compliance with the marking statute (35 U.S.C. § 287) is misplaced. That statute addresses does not address pleading requirements, and does not impose an affirmative duty on a plaintiff to plead

compliance.  *See Sentry Protection Products,* 400 F.3d at 918 (holding that patentee did not

waive claim for damages by failing to plead compliance with the marking statute).   Further, the

marking statute only applies to "[p]atentees, and persons making, offering for sale, or selling

within the United States any patented article for or under them, or importing any patented article

into the United States." 35 U.S.C. § 287(a).  Where a patentee's products do not practice the

patent, or where the claim is directed to a process or method, no marking or notice obligation is

triggered.  *See Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir.

2002) (marking requirement inapplicable "where there are no products to mark") (disapproved

on other grounds in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1319-24 (Fed. Cir. 2005)); *Crown

Packaging*, 559 F.3d at 1316 ("[t]he law is clear that the notice provisions of § 287 do not apply

where the patent is directed to a process or method").[4]  Moreover, § 287's text clarifies that its

requirements, to the extent they apply at all, only apply to pre-suit damages because the "[f]iling

of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a).  Whether the

marking statute applies and was complied with are factual issues to be resolved at summary

judgment or trial, not now.[5]

---

[4] Zonoff's statement that "the patentee in an infringement case has the burden of 'pleading and proving at trial' that it complied with the [marking] requirement of 35 U.S.C. §287" is not wholly accurate.  Motion at 15.  Some courts place the burden first on the accused infringer to come forward with proof that the patentee sold or offered for sale a "patented product", and only upon that threshold showing does the burden shift to the patentee to show compliance with the marking statute.  *See Laitram Corp. v. Hewlett-Packard Co., Inc.,* 806 F. Supp. 1294, 1296 (E.D. La. 1992); *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.,* No. 5:11-CV-00774-PSG, 2014 WL 1008183, at *1 (N.D. Cal. Mar. 7, 2014); *Oracle Am., Inc. v. Google Inc.,* No. C 10-03561 WHA, 2011 WL 5576228, at *1 (N.D. Cal. Nov. 15, 2011); *In re Katz Interactive Call Processing Patent Litig.,* 821 F. Supp. 2d 1135, 1158-59 (C.D. Cal. 2011); *Unova Inc. v. Hewlett-Packard,* No. CV 02-3772 ER, 2006 WL 5434534, at *1 (C.D. Cal. Feb. 16, 2006).

[5] None of Zonoff's cited authority supports its arguments.  *Dunlap v. Schoefeld*, 152 U.S. 244, 248 (1894), and *Maxwell v. Baker*, 86 F.3d 1098, 1111 (Fed. Cir. 1996), both addressed damages awards from a final judgment.  Further, in *Jackson v. Intel Corp*, No. 09 C 2178, 2009 WL 2851742, at *2 (N.D. Ill. Aug. 31, 2009), the court converted a Rule 12(b)(6) motion into a

(continued...)

### C. Zonoff's Motion For A More Definite Statement Should Be Denied.

The Court should deny Zonoff's alternative motion for a more definite statement as to Icontrol's indirect infringement claims because the Complaint is sufficiently definite to enable Zonoff to Answer the Complaint, and because Zonoff refuses to avail itself of this Court's default procedures for identifying and narrowing patent claims.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Schaedler v. Reading Eagle Pub'n, Inc.,* 370 F.2d 795, 797 (3d Cir. 1967); s*ee also Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010). Motions for a more definite statement are generally viewed with disfavor, particularly "where the information sought by the motion could easily be obtained by discovery." *CFMT, Inc. v. Yieldup Int'l Corp.*, No. 95-549-LON, 1996 U.S. Dist. LEXIS 22795, at *3 (D. Del. Apr. 5, 1996).

Zonoff has no basis for moving for a more definite statement. Icontrol's Complaint clearly and with great particularly sets forth the causes of actions against Zonoff. The Complaint specifically alleges that Zonoff directly infringes the Asserted Patents by making, using, selling, offering to sell, selling, or importing products that practice the Accused Products, software that takes the form of either finished software applications (under, for example, Zonoff's "Zonoff

---

(...continued from previous page)

summary judgment motion and addressed the issue on the merits of the case (and found for reasons inapplicable here that the plaintiff was not entitled to damages because the patent-in-suit had already expired before the lawsuit was filed and the plaintiff was not entitled to pre-suit damages). None of these cases impose an obligation to plead compliance with the marking statute in a complaint or face "dismissal" of all damages claims (essentially dismissing plaintiff's entire case). Rather, each (particularly *Jackson*) supports the notion that compliance with the marking statute is a factual issue to be resolved on the merits.

Software" or "Zonoff app" brands), or a software development kit (under, for example, Zonoff's "Open Device Software Development Kit") that Zonoff makes, uses, sells, offers to sell, or imports.  Compl. ¶¶ 11-12, and 17.

The Complaint further  pleads all necessary facts relating to Zonoff's inducement of third party direct infringers (including retailers such as Staples, service providers, consumer electronics OEMs, and system integrators) by, among other things, advertising the infringing products and their infringing use; establishing distribution channels for these infringing products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Zonoff's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Zonoff's customers and prospective customers.  *Id.* at ¶¶ 29, 38, 47.  Icontrol alleges that Zonoff took these actions in full knowledge of each Asserted Patent and did so with the specific intent to induce one or more third parties to infringe each Asserted Patent.  *Id.*  Thus the Complaint sufficiently states a claim for induced infringement.

The Complaint further pleads facts related to Zonoff's contributory infringement of third party direct infringers.  It alleges that (1) Zonoff sells components that are material to each Asserted Patent to third parties who directly infringe each Asserted Patent by making, using, or selling product incorporating these components, (2) that these components are especially made or adapted for use in infringing each Asserted Patent because they are not staple articles of commerce suitable for substantial non-infringing use and have no use apart from making or using the claimed inventions, and (3) that Zonoff is aware of the infringing uses to which these components are put.  *Id.* at ¶¶ 31, 40, 49.

Finally, the Complaint alleges that Zonoff, with knowledge of the Asserted Patents and the risk of infringement, acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patents. Compl. ¶¶ 32, 41, 50. For each Asserted Patent, the Complaint includes language indicating at least one claim that Icontrol believes is directly infringed. *Id.* at ¶¶ 28, 37, 46. Thus, Icontrol's Complaint is sufficiently definite; Zonoff has more than enough information to frame a responsive pleading to Icontrol's claims for direct, induced, contributory, and willful infringement.

At the pleading stage, a plaintiff is not required to identify which patent claims it is asserting. *Xpoint*, 730 F. Supp. 2d at 353; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *Bear Creek Techs., Inc. v. Vonage Holdings Corporation, et al.*, Case No. 11-cv-723-GMS (D.I. 22) at *3 n.5 (D. Del. Sep. 27, 2012); and *Mark IV Indus. Corp. v. Transcore, L.P.*, Civ. No. 09-418-GMS, 2009 U.S. Dist. LEXIS 112069 (D. Del. Dec. 2, 2009). Such a requirement is impractical because, at the time of the filing of the complaint, a plaintiff ordinarily has access only to public information and knowledge. *McZeal*, 501 F.3d at 1358. Therefore, as this Court observed in *In re Bear Creek*, a "plaintiff is not required to . . . identify which claims it is asserting . . . ***as these details are determined through discovery***." *In re Bear Techs.*, (D.I. 22) at *3 n.5 (*quoting Xpoint*, 730 F. Supp. at 353 and *McZeal*, 501 F.3d at 1358) (emphasis added). Zonoff offers nothing to suggest that this case is unusual or worth departing from the Court's standard practices. Indeed, courts in this district routinely deny motions such as this, even where there are more patents with more claims at issue. *See, e.g., Clouding IP LLC v. Amazon.com Inc., et. al.*, Case No. 1-12-cv-00641-LPS (D.I. 11 (complaint) & 56 (order)) (D. Del. May 24, 2013) (**11 patents, 347 claims**); *IpLearn LLC v. Beeline*

*Acquisition Corp., et. al.*, Case No. 1-11-cv-00825-RGA (D.I. 15 (complaint) & 172 (order)) (D. Del. Jul. 2, 2012) (**9 patents, 511 claims**).

With its motion for a more definite statement, Zonoff attempts to jumpstart discovery. However, this District already has a procedural mechanism for the identification of asserted claims, whereby a patentee receives an early production of technical documents from a defendant and, in exchange, the patentee prepares preliminary infringement contentions specifically identifying the claims the patentee is asserting. Paragraph 4 of the Court's Default Standard provides that

> a. Within 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.
>
> b. Within 30 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.
>
> c. Within 30 days after receipt of the above, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

Thus, the Court's procedures provide a mechanism for identifying specific asserted claims, but only after the accused infringer produces its "core technical documents." Zonoff's motion seeks to short-circuit these procedures by asking the Court to require patentees to provide their identification of asserted claims in the complaint, *before* the production of core technical documents. Zonoff offers no justification warranting departure from the Default Standard or an alternative, negotiated schedule.

In fact, Icontrol offered to discuss a schedule for the identification of asserted claims on February 9, 2016. *See* Exh. 1. In response, however, Zonoff refused to negotiate. *Id.* Had

Zonoff been willing to negotiate, Icontrol would have diligently prepared its infringement contentions, including an identification of asserted claims, pursuant to Paragraph 4(c).

Given that Icontrol's Complaint is sufficiently definite for Zonoff to frame a response, and that neither the Federal Circuit nor this Court have required a patentee to identify its asserted patent claims at this stage of the litigation, and further given Zonoff's failure to take advantage of the procedures available to identify and narrow the number of claims at issue, Zonoff's request for a more definite statement should be denied.[6]

## VII.    SHOULD THE COURT BE INCLINED TO GRANT DEFENDANT'S MOTION, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

For the reasons discussed above, the Court should deny Zonoff's Motion in its entirety. If, however, the Court grants the motion in whole or in part, Icontrol respectfully requests that the Court dismiss the allegations without prejudice and permit Icontrol leave to file an amended complaint.  This Circuit applies a liberal approach to the amendment of pleadings so that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).  Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As Zonoff has neither argued nor shown that an amendment would be improper, the Court should not dismiss with prejudice.

---

[6] Even though it was not necessary to do so, Icontrol identified in the Complaint at least one claim per Asserted Patent that Icontrol presently believes Zonoff infringes, in an attempt to resolve Zonoff's concerns without this Court's intervention. Compl. at ¶¶ 28, 37, 46.

## VIII.  CONCLUSION

For the foregoing reasons, Icontrol requests the Court deny Zonoff's motion.  In the alternative, should this Court decide that Zonoff's Motion to Dismiss has any basis, Icontrol requests leave to amend the Complaint.

Dated:  February 16, 2016

_____/s/ Mary B. Matterer_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Plaintiff Icontrol Networks, Inc.*

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
Mary A. Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300